## Loislaw Federal District Court Opinions

U.S. v. KON (S.D.N.Y. 11-2-2006)

UNITED STATES OF AMERICA, v. YIT TIN KON, Defendant.

04 Cr. 271-03 (RWS).

United States District Court, S.D. New York.

November 2, 2006

SENTENCING OPINION

ROBERT SWEET, District Judge

On March 14, 2006, defendant Yit Tin Kon ("Kon") pled guilty to one count of possession with intent to distribute MDMA (commonly referred to as "Ecstasy") in violation of **21 U.S.C. §§ 812**, **841**(a)(1), and **841**(b)(1)(C) and one count of conspiring to distribute and possess with intent to distribute MDMA in violation of **21 U.S.C. § 846**. Both counts are Class C felonies. For the reasons set forth below, Kon will be sentenced to time served (one day) and a three-year term of supervised release. Kon will also be required to pay a mandatory special assessment of $200.

### Prior Proceedings

On March 23, 2004, a seven-count superseding indictment was filed alleging that Kon and nine other co-defendants engaged in various offenses relating to the distribution of Ecstacy. Kon was arrested on April 7, 2004, and released on bail on that same date.

**Page 2**

On July 6, 2004, a second superseding indictment was filed with respect to Kon and the other co-defendants.

On March 14, 2006, Kon appeared before the Honorable James C. Francis of this district and pled guilty to the offense charged in the third and seventh counts of the second superseding indictment in accordance with a plea agreement entered into with the Government. Kon's guilty plea was accepted by this Court on April 5, 2006, and she is scheduled to be sentenced on November 2, 2006.

### The Sentencing Framework

In accordance with the Supreme Court's decision in United States v. Booker, **125 S. Ct. 738** (2005) and the Second Circuit's decision in United States v. Crosby, **397 F.3d 103** (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in **18 U.S.C. § 3553**(a), including the advisory Sentencing Guidelines (the "Guidelines") established by the United States Sentencing Commission. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
**Page 3**

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement . . . [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

**18 U.S.C. § 3553**(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, **397 F.3d at 111**.

### The Defendant

The following description draws on the Pre-Sentence Investigation Report prepared by the Probation Office of the United States District Court for the Southern District of New York on
**Page 4**
October 13, 2006, and revised on October 24, 2006 ("the October 24, 2006 PSI"). Additional facts regarding Kon's history and characteristics are adopted as set forth in that report.

Yit Tin Kon was born in Malaysia in September 1973. According to ICE records, Kon was admitted into the United States on a visitor's visa in 2003. As verified by marriage records, Kon married Daniel Ng ("Ng"), her co-defendant for the instant

offense, in February 2003 in Queens County, New York. They have a daughter, age two, who resides with Kon.

Kon has explained that she participated in the instant offense under the traditions of an Asian marriage, taking directions from her husband to distribute Ecstacy pills to the other codefendants in the instant offense. This is her first arrest and felony conviction.

Kon and her husband separated after they were both arrested for the instant offense. Since their separation, Kon has resided with their two-year-old daughter in Flushing, New York, whereas Ng now resides in Brooklyn and has little to no contact with Kon or their daughter. Previously, Kon had been living with her estranged husband's family in New Jersey. Since Kon and Ng have separated, his family has ceased contact with Kon and their daughter. According to Kon, Ng does not provide financial support and constantly threatens to have their daughter taken away from her

**Page 5**

because of her arrest. Kon further explains that her estranged husband is both physically and verbally abusive to her.

Since May of 2005, Kon has supported herself and her daughter by washing hair at various salons. Prior to May of 2005, she was a full-time homemaker and financially supported by her husband. Kon completed junior high school in Malaysia but has not had any additional schooling while living in the United States. Her English-speaking skills are limited.

Kon relies on a "friend" to provide day care to her daughter while she works. It appears that neither her husband nor his family is a resource for her with regard to child care. Kon has no immediate family in the United States on which she can rely for help in caring for her young daughter.

### The Offense Conduct

The following description draws on the October 24, 2006 PSI. The specific facts of the underlying conduct are adopted as set forth in that report.

Between June 2003 and March 2004, Kon conspired with co-defendants to distribute approximately 530 Ecstacy pills to various individuals. These transactions all occurred in this district.

**Page 6**

### The Relevant Statutory Provisions

The maximum term of imprisonment is twenty years for each of the counts of possession and conspiracy, pursuant to **21 U.S.C. §§ 841** (b)(1)(C) and **846**. In addition, a term of at least three years' supervised release is required on each count if a sentence of imprisonment is imposed, pursuant to **21 U.S.C. §§ 841**(b)(1)(C) and **846**. Such terms of supervised release run concurrently, pursuant to **18 U.S.C. § 3624**(e).

Kon is eligible for not less than one nor more than five years' probation on each count, pursuant to **18 U.S.C. § 3561**(c)(1).

Because the offense is a felony, pursuant to **18 U.S.C. § 3563**(a)-(2), one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service.

Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, all offenders on probation, parole or supervised release for offenses committed after September 13, 1994, are required to submit to one drug test within fifteen days of commencement of probation, parole or supervised release and at least two drug tests thereafter for use of a controlled substance, unless ameliorated or suspended by the court due to its determination that the defendant poses a low risk of future substance abuse as provided in **18 U.S.C. §§ 3563** (a) (5) and **3583** (d).
**Page 7**

The maximum fine is $1,000,000 on each count, pursuant to **21 U.S.C. §§ 841** (b) (1) (C) and **846**. A special assessment in the amount of $100 per count, for a total of $200, is mandatory, pursuant to **18 U.S.C. § 3013**.

Pursuant to **21 U.S.C. § 862** (a) (1) (A), upon a first conviction for distribution of a controlled substance, a defendant may be declared ineligible for any or all Federal benefits for up to five years as determined by the court.

**The Guidelines**

The March 27, 2006 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to U.S.S.G. § **1B1.11**(a).

Pursuant to the grouping rules contained in U.S.S.G. § **3D1.2**, the two counts can be grouped together because the offense level is determined largely on the total amount of drugs distributed. Therefore, pursuant to U.S.S.G. § **3D1.2**(d), the two counts are grouped together for the purpose of calculating the Guidelines sentencing range.

The Guideline for violations of **21 U.S.C. § 841** (b) (1) (C) is found in U.S.S.G. § **2D1.1**. Pursuant to application note 10 of U.S.S.G. § **2D1.1**, in order to establish the appropriate offense
**Page 8**
level, the quantity of Ecstacy involved in this offense must be converted into its marijuana equivalent. Based on the October 24, 2006 PSI, Kon is responsible for conspiring to distribute and possess with the intent to distribute approximately 530 Ecstacy pills, the marijuana equivalent of which is 66.25 kilograms.**[fn1]** Therefore, according to U.S.S.G. § **2D1.1**(a) (3) and (c) (9), this amount of Ecstacy results in a base offense level of 22.

Based on her plea allocution, Kon has shown recognition of responsibility for the offense. Pursuant to U.S.S.G. § **3E1.1**(a), the offense is therefore reduced two levels. Further, because Kon's timely notification of her intention to plead guilty has allowed the Government to allocate its resources more efficiently, and because the offense level is 16 or greater, the offense level is reduced one additional level, pursuant to

U.S.S.G. § **3E1.1**(b).

The defendant's resulting adjusted offense level is 19.

Kon has no known criminal convictions. Thus, Kon has a Criminal History Category of I.
**Page 9**

Based on a total offense level of 19 and a Criminal History Category of I, the Guidelines range for imprisonment is 30 to 37 months.

The Guidelines range for a term of supervised release is a minimum of three years, as required by statute, pursuant to U.S.S.G. § **5D1.2**(c).

Because the applicable Guidelines range is in Zone D of the Sentencing Table, Kon is not eligible for probation, pursuant to U.S.S.G. §§ **5B1.1**, application note 2.

The Guidelines fine range for the instant offense is from $6,000 to $1,000,000, pursuant to U.S.S.G. § **5E1.2**(c)(3)(A) and (c)(4). Subject to the defendant's ability to pay, in imposing a fine pursuant to U.S.S.G. § **5E1.2**(d)(7), the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release. The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $1,931.97 to be used for imprisonment, a monthly cost of $292.21 for supervision, and a monthly cost of $1,590.66 for community confinement.
**Page 10**

### The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in **18 U.S.C. § 3553** (a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, **543 U.S. 220**, and the Second Circuit's decision in Crosby, **397 F.3d 103**. In particular, § 3553 (a) (1) asks that the sentence imposed consider both "the nature and circumstances of the offense and the history and characteristics of the defendant," while § 3553 (a) (2) (A) demands that the penalty "provide just punishment for the offense" that simultaneously "afford[s] adequate deterrence to criminal conduct" as required by § 3553 (a) (2) (B). Furthermore, pursuant to § 3553(a)-(6), the Court is also mindful of "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

Considering the history and characteristics of the defendant pursuant to § 3553(a)(1), the Court takes note of Kon's extraordinary family circumstances. Kon is the sole caretaker for her two-year-old daughter and has no immediate family in the United States on which she can rely for assistance. Furthermore, Kon's estranged husband, also a co-defendant in the instant offense, and his family have shown no willingness to provide assistance, financially or otherwise, in caring for the child.
**Page 11**

The Second Circuit has long recognized the propriety of sentencing below the Guideline range when a term of imprisonment may "wreak extraordinary destruction on dependents who rely solely on the defendant for their upbringing." United States v. Johnson, **964 F.2d 124**, **129** (2d Cir. 1992). Compare United States v. Galante, **111 F.3d 1029**, **1035** (2d Cir. 1997) (**upholding** departure where defendant provided substantial support for two children and defendant's wife spoke limited English), and Johnson, **964 F.2d at 129-30** (**upholding** departure where defendant was sole supporter of four young children), and United States v. Alba, **933 F.2d 117**, **1122** (2d Cir. 1991) (**upholding** departure where defendant supported wife, two young children, and his disabled father, who relied on defendant to get out of his wheelchair), with United States v. Smith, **331 F.3d 292**, **294** (2d Cir. 2003) (**rejecting** departure where defendant supported only one young child and his wife was capable of working, although she would have to drop out of college to do so), and United States v. Madrigal, **331 F.3d 258**, **260** (2d Cir. 2003) (per curiam) (**rejecting** departure where only one of defendant's six children was under eighteen and there was no finding made that the defendant was the only family member capable of supporting her family).

In United States v. Huerta, **371 F.3d 88** (2d Cir. 2004), the Second Circuit established the standard for weighing the severity of the impact of a defendant's incarceration upon a family's circumstances. Specifically, the Circuit articulated that
**Page 12**
"this factor — the absence or presence of adults who can step in during the defendant's incarceration to assist with caring and providing for the defendant's dependents — is a central part of the extraordinary family circumstances inquiry." Id. at 95. While the Huerta court emphasized that all families suffer when a family member is incarcerated for any length of time, that expected degree of suffering is exacerbated exponentially when no other adult in the family can provide alternative means of assistance or support for the defendant's dependents. According to the Circuit, when no such reasonable alternative is available, and the defendant is the sole care-taker of his or her dependents, a sentencing court can exercise its discretion under a finding of extraordinary family circumstances.

In United States v. Selioustky, **409 F.3d 114** (2d Cir. 2005), the Second Circuit indicated that within the post-Booker sentencing regime, a district court could impose a Guidelines sentence with a family circumstances departure based on sufficient findings or, alternatively, impose a non-Guidelines sentence based on the same considerations of family circumstance. Id. at 120.

Due to the young age of Kon's daughter and the lack of any other adult to care for the child in the event of Kon's incarceration, this court finds that there are extraordinary family circumstances in this case sufficient to support either a downward departure pursuant to U.S.S.G. §§ **5H1.6** and **5K2.0**(a)(4) or,
**Page 13**
alternatively, a non-Guidelines sentence in consideration of

**18 U.S.C. § 3553**(a)(1).

In addition, considering the need for the sentence to reflect the seriousness of the offense and to provide adequate general and specific deterrence, pursuant to § 3553 (a) (2) (A) and (B), a non-Guidelines sentence is also appropriate. Kon has no prior criminal convictions and has not been incarcerated prior to the instant offense. See, e.g., United States v. Bidon, No. 05 Cr. 1285-01 (RWS), 2006 WL 3025876, at *5 (S.D.N.Y. Oct. 24, 2006); United States v. Harding, No. 05 Cr. 1285-02 (RWS), 2006 WL 2850261, at *5 (S.D.N.Y. Sept. 28, 2006); United States v. Hernandez, No. 03 Cr. 1257-03 (RWS), 2006 WL 870933, at *4 (S.D.N.Y. Apr. 5, 2006); United States v. Arreaga, No. S303 Cr. 1121-02 (RWS), 2006 WL 278156, at *7 (S.D.N.Y. Feb. 2, 2006). Furthermore, it appears that Kon would not have been involved in the offense conduct but for her husband's marital hold over her. Now that the couple is separated, the marital subservience that Kon perceived was required of her should no longer be a controlling factor in her conduct.

Therefore, having considered all the factors set forth in § 3553(a), it is determined that a non-Guidelines sentence is warranted in the instant case.
Page 14

**The Sentence**

For the instant offense, Kon is hereby sentenced to time served (one day) and a three-year term of supervised release. Kon is directed to report to the nearest Probation Office within seventy-two hours of the imposition of sentence. It is recommended that the defendant be supervised by the district of residence.

As mandatory conditions of her supervised release, Kon shall: (1) not commit another federal, state or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer. The mandatory drug testing condition is suspended due to the Court's determination that the defendant poses a low risk of future substance abuse, as provided in **18 U.S.C. §§ 3563** (a) (5) and **3583**(d).

The standard conditions of supervision (1-13) shall be imposed, along with the special condition that Kon shall obey the immigration laws and comply with the directives of immigration authorities.

In consideration of all the factors set forth in
**18 U.S.C. § 3572**(a), it does not appear that the defendant is able to pay a fine, and the fine in this case shall therefore be waived.
Page 15
A special assessment of $200, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing set for November 2, 2006.

It is so ordered.

[fn1] Based on the Drug Quantity Table, one gram of Ecstacy is the equivalent of 500 grams of marijuana. The typical weight of an Ecstacy pill is 250 mgs.

Page 1

Copyright © 2008 Loislaw.com, Inc. All Rights Reserved