Bruno C. Bier, Esq.
BB-1633
38 West 32nd Street, Suite 1603
New York, New York 10001
t: (212) 481-4900
f: (212) 481-9227
bruno_bier@yahoo.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

UNITED STATES OF AMERICA,

        v.                                       07 – cr – 881 (RPP)

*Filed by ECF*

CHAUDHARY NAWAZ,

                                         (Request for Oral Argument)

                Defendant.

-------------------------------------------------------x

MEMORANDUM OF LAW

TABLE OF CONTENTS

PRELIMINARY STATEMENT……………………………………………………………3

STATEMENT OF FACTS………………………………………………………………….4

LEGAL DISCUSSION

POINT       THE SENTENCING COURT MISSTATED THE LAW IN HOLDING THAT THE SENTENCING GUIDELINES PROMULGATED THAT FAMILY CIRCUMSTANCES SHOULD NOT BE TAKEN INTO CONSIDERATION, AND THE COURT ERRED IN RULING THAT 18 U.S.C. § 3553(a) PRECLUDED THE COURT FROM CONSIDERING FAMILY CIRCUMSTANCES………………………..8

CONCLUSION……………………………………………………………………….16

Bruno C. Bier, Esq.
BB-1633
38 West 32nd Street, Suite 1603
New York, New York 10001
t: (212) 481-4900
f: (212) 481-9227
bruno_bier@yahoo.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x

UNITED STATES OF AMERICA,

        v.                                    07 – cr – 881 (RPP)

*Filed by ECF*

CHAUDHARY NAWAZ,

(Request for Oral Argument)

             Defendant.

-------------------------------------------------x

## MEMORANDUM OF LAW

## PRELIMINARY STATEMENT

Defendant Chaudhary Nawaz ("Mr. Nawaz") moves this Court for reconsideration of his sentence. He makes this motion based on the fact that at Mr. Nawaz's sentencing on April 2, 2008 (Judgment entered April 7, 2008), the Court, respectfully, misstated the law in holding that the Federal Sentencing Guidelines ("Guidelines") promulgate that the Court "should not take into consideration" the extraordinary family circumstances presented in this case. The Court, respectfully, also erred in holding that 18 U.S.C. § 3553(a) did not permit the Court to take into consideration the extraordinary family circumstances found here. These errors prejudiced Mr. Nawaz, as they precluded the Court from fully considering and crediting

3

Mr. Nawaz's family circumstances as contemplated by both the Guidelines and § 3553(a).

## STATEMENT OF FACTS

On September 17, 2007, Mr. Nawaz pled guilty to 18 U.S.C. § 1029(a)(2) and 2, and 18 U.S.C. § 1029(b)(2). Both charges related to Mr. Nawaz's part in a conspiracy in which the participants opened credit card accounts under the names of fictitious persons, and then charged items and cash advances against the accounts in the sum of $527,883.15.

On March 11, 2008, Mr. Nawaz appeared before this Court for sentencing. At the hearing, the defense sought "to highlight the family circumstance issues as they relate to Section 3553 of the United States Code." Exhibit A, Sentencing Hearing of March 11, 2008 ("S.H. 3/11/08") at 5.[1] The defense pointed out that Mr. Nawaz and his wife had five children between the ages of seven-years-old and six-months-old, Ms. Nawaz took care of the children at home while Mr. Nawaz worked, Mr. Nawaz was the sole wage earner in the immediate family, and that the family was "in total reliance on his income." S.H. 3/11/08 at 5. The defense also noted that this was Mr. Nawaz's first contact with the criminal justice system, as he had never before been arrested or convicted of any crime. Id.

The Court inquired about Ms. Nawaz's heart problems and whether she was unable to work; however, the defense was unable to report on Ms. Nawaz's health

---

[1] As the plea agreement, filed with the Court on September 17, 2008, precluded the defense from arguing for a downward departure under the Guidelines based on family circumstances or any other provision of the Guidelines, the defense limited its argument to § 3553(a) considerations which was permitted by the plea agreement. Nevertheless, the plea agreement expressly stated that the Court was not precluded from finding, sui sponte, a basis for departure under the Guidelines.

problems because it had been unable to obtain a physician's report in time for the sentencing hearing. The Court noted that "it's best to have a doctor's report in matters such as this," and consented to the submission of a report after the hearing. Id. at 5-6.

The defense concluded by requesting a substantial departure from the Guidelines range of 24 to 30 months, but the defense did not seek a downward departure under the Guidelines. Rather, the request was based on 18 U.S.C. § 3553; and, in light of the factors listed in that section, the defense requested the Court to "consider an extensive period of home detention in which Mr. Nawaz could still work and contribute to the family's income while being under supervision." Id. at 6-7.

The Court noted that it had provided for such a period of home detention in United States v. Johnson; however, in that case, the defendant was the sole caretaker of her children. Nevertheless, the Court observed that in Johnson, the defendant caretaker had no health problems. Id. at 7. The defense added that Mr. Nawaz's mother and father spent a considerable amount of time in Pakistan each year so that they could not be counted upon to support Ms. Nawaz while Mr. Nawaz was in prison. Id.

The government argued that there was a considerable loss amount for the offense that should be taken into consideration by the Court. Id. The government also pointed out that the Presentence Report ("PSR") indicated that the family received a monthly rental income of $3900 which the family could rely upon during Mr. Nawaz's incarceration. Id. at 8. The Court then inquired whether the defrauded credit card institutions could attach Mr. Nawaz's rental property in a civil action. Id. at 9-10.

Finding that there was an argument for Mr. Nawaz "to remain at large based on family circumstances," the Court also noted that "the amount of money here still owing

5

to the credit card companies is over a half million dollars, and if he is incarcerated the chances of repayment of the entire sum are reduced." Id. at 11. The Court observed that Mr. Nawaz's obligation for repayment potentially could be reduced if he applied proceeds from a sale of his real estate to his obligation to the credit card companies. Id. However, if the Court sentenced him to prison, "those properties could well fall into bankruptcy, and those people who were swindled might not be able to recover." Id. The defense also indicated that Mr. Nawaz was "willing to sell the rental property and provide whatever equity there is in that building to the credit card companies in the form of some settlement." Id. at 14. The Court then granted the defense an adjournment to discuss a settlement with the credit card companies, to get a doctor's certificate regarding Ms. Nawaz's health, and presumably to commence the initial steps for selling his rental property. Id. at 14. The Court adjourned the sentencing to April 2, 2008. Id. at 21.

On April 2, 2008, Mr. Nawaz again appeared before this Court for sentencing. At the outset, the Court observed that "[w]ith the amount of money that seems to have been stolen, I don't see that there is any likelihood that the defendant could take advantage of the guidelines in a way that would allow the Court to give him much, if any credit for whatever amount" was voluntarily repaid. Exhibit B, Sentencing Hearing of April 2, 2008 ("S.H. 4/2/08"). Nevertheless, the defense provided the Court with the contract of sale for Mr. Nawaz's rental property, and represented to the Court that Mr. Nawaz was to see a profit of approximately $35,000 from the sale which would be provided in its entirety to the credit card companies. S.H. 4/2/08 at 3, 5. The defense also provided the Court with physicians' reports as evidence of Ms. Nawaz's medical condition. Id. at 3.

6

In addition to briefly reiterating Mr. Nawaz's family circumstances, the defense provided details of Ms. Nawaz's medical condition, including the fact that Ms. Nawaz suffered from cardiac arrest while giving birth on June 6, 2006, which resulted in "severe headaches, neck and lower back pain." Id. at 5. As evidenced by the accompanying physicians' reports, her condition required constant monitoring by her physicians and assistance from family members in carrying out her daily household tasks. Id. Based on his wife's medical condition and the critical role Mr. Nawaz played as sole breadwinner in supporting his wife and five children, the defense requested a lengthy period of home confinement in lieu of a lengthy jail term.

In determining Mr. Nawaz's sentence, the Court calculated a Guidelines offense level of 20; and after deducting 3 levels for timely acceptance of responsibility, the Court reached an offense level of 17. As Mr. Nawaz had no prior convictions, his criminal history was category I, which calls for a sentence of 24 to 30 months imprisonment. Id. at 12-13. The Court found that there did "not seem to be any grounds for a departure under the guidelines," therefore, the Court next considered the factors promulgated by 18 U.S.C. § 3553(a).

In regard to the § 3553(a) factors, the Court first "consider[ed] the nature and circumstances of the offense and the history and characteristics of the defendant," and found that Mr. Nawaz was a first offender but that the loss amount indicated that he had participated in the conspiracy for "some time." Id. at 13. The Court also found that the Guidelines sentence would "reflect the seriousness of the offense, [] promote respect for the law, [] provide just punishment for the offense" and "afford adequate deterrence to criminal conduct." Id. In addition to the remaining pertinent factors under § 3553(a), the

Court considered "whether the sentence is sufficient but not greater than necessary to comply with the purposes [the Court] just set forth…." Id. at 14.

The Court found that "[t]he circumstances that make the sentence under the guidelines difficult is the health of the defendant's wife and the circumstances that she will be left in." Id. However, the Court concluded, "That is something that the guidelines say one should not take into consideration. Under section 3553(a) I can't take it into consideration." The Court then sentenced Mr. Nawaz to 18 months incarceration followed by 6 months of home confinement. Id. [2]

## LEGAL DISCUSSION

### POINT

THE SENTENCING COURT MISSTATED THE LAW IN HOLDING THAT THE SENTENCING GUIDELINES PROMULGATED THAT FAMILY CIRCUMSTANCES SHOULD NOT BE TAKEN INTO CONSIDERATION, AND THE COURT ERRED IN RULING THAT 18 U.S.C. § 3553(a) PRECLUDED THE COURT FROM CONSIDERING FAMILY CIRCUMSTANCES.

Mr. Nawaz moves this Court for reconsideration of his sentence. He makes this motion based on the Court's misstatement of the law in ruling that the Federal Sentencing Guidelines ("Guidelines") promulgate that the Court "should not take into consideration" family circumstances such as the "health of the defendant's wife and the circumstances that she will be left in." The Court also erred in holding that 18 U.S.C. § 3553(a) did not permit the Court to take family circumstances into consideration. These errors prejudiced

---

[2] After handing down the sentence, the Court addressed Mr. Nawaz. The Court stated, "I reduced your sentence in a way, Mr. Nawaz. I did it because of your wife's condition. That's why you have the 6 months home confinement." Id. at 18. The Court added, "I didn't see that I could do more than that, because there's too much money to give you much more consideration than that for her condition." Id.

8

Mr. Nawaz, as they precluded the Court from fully considering and crediting Mr. Nawaz's family circumstances as contemplated by both the Guidelines and § 3553(a).

    A.    <u>Family Circumstances Under The Guidelines</u>

The Court, respectfully, misstated the law in ruling that "there do not seem to be any grounds for a departure under the guidelines," and in holding that the "guidelines say one should not take into consideration" family circumstances such as "the health of the defendant's wife and the circumstances that she will be left in." S.H. 4/2/08 at 13-14. However, as this Court has recognized on prior occasions, extraordinary family circumstances are a legitimate basis for a downward departure under the Guidelines. Since the defense is precluded by the plea agreement from arguing in favor of a downward departure under the Guidelines, only the relevant case law is provided for the Court's consideration should the Court find that Mr. Nawaz's family circumstances merit such a downward departure.

As this Court is aware, the Second Circuit Court of Appeals, in affirming this Court's downward departure for family circumstances in <u>United States v. Johnson</u>, held that "[e]xtraordinary family circumstances are widely accepted as a valid reason for departure." <u>Johnson</u>, 964 F.2d 124, 129 (2d Cir. 1992) (citations omitted). To be sure, the policy statement under Guidelines § 5H1.6 states that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." However, the Court of Appeals, in <u>Johnson</u>, found that "policy statements cannot be viewed as equivalent to the Guidelines themselves." 964 F.2d at 127. Moreover, the Court of Appeals found that "[t]he clear implication of section 5H1.6 is that if the court finds that the circumstances related to family ties and relationships are extraordinary, it is

9

not precluded as a matter of law from taking them into account in making a downward departure." 964 F.2d at 129 (quoting United States v. Sharpsteen, 913 F.2d 59, 63 (2d Cir. 1990)).[3]

Thus, the Court of Appeals affirmed this Court's decision to grant Johnson a ten-level downward departure based on extraordinary family circumstances. In granting Johnson a downward departure, this Court sentenced her to six months of home detention and three years supervised release for her role in a kickback scheme resulting in the theft of $89,222. This Court granted the downward departure based on the fact Johnson was the sole caretaker for four young children, including two six year-olds, a five year-old and a six-month old infant. 964 F.2d at 126.

Likewise, in United States v. Alba, 933 F.2d 1117 (2d Cir. 1991), the Court of Appeals upheld the District Court's finding that the defendant merited a downward departure for extraordinary family circumstances where the defendant had been married for 12 years, lived with his wife, their 11-year-old and four year-old daughters, and his mother and disabled father who relied on the defendant to get him in and out of his wheelchair. Alba, 933 F.2d at 1122. In upholding the defendant's sentence of six months in a halfway house followed by two years supervised release for his role in a conspiracy to distribute over two kilos of cocaine, the Court noted that the defendant "worked two jobs to maintain his family's economic well-being," therefore, the family's stability depended on the defendant's continued presence. Id.

---

[3] Thus, the Court may have been summarizing the policy statement of § 5H1.6 in stating that the "guidelines say one should not take into consideration" family circumstances such as "the health of the defendant's wife and the circumstances that she will be left in" (S.H. 4/2/08 at 14); however, as the cited cases demonstrate, further inquiry is required in order to determine whether these family circumstances are extraordinary.

10

Finally, in United States v. Galante, the Court of Appeals upheld the District Court's downward departure for extraordinary family circumstances where the defendant had been married for ten years to his wife, they had a nine-year-old son and an eight-year-old daughter, the defendant was the primary bread winner, his wife's employment opportunities were limited because she spoke little English, his father was in the hospital with a chronic condition, and his elderly mother made little money to support the family in the defendant's absence. Galante, 111 F.3d 1029, 1032 (2d Cir. 1997). In finding extraordinary family circumstances, the District Court granted the defendant, who had been convicted of conspiracy and possession with intent to distribute heroin, a downward departure from a 46-57 months Guidelines sentence to eight days time served and a five-year term of supervised release. 111 F.3d at 1031-32.

As the Court of Appeals held in Johnson, "the rationale for a downward departure here is not that Johnson's family circumstances decrease her culpability, but that we are reluctant to wreak extraordinary destruction on dependants who rely solely on the defendant for their upbringing." Johnson, 964 F.2d at 129. Citing this Court's oral decision at sentencing, the Court of Appeals pointed out that "departure was not on behalf of the defendant herself, but on behalf of her family." Id. Hence, later decisions have recognized that "the absence or presence of adults who can step in during the defendant's incarceration to assist with caring and providing for the defendant's dependants – is a central part of the extraordinary family circumstances inquiry." United States v. Huerta, 371 F.3d 88, 95 (2d Cir. 2004); compare United States v. Smith, 331 F.3d 292, 294 (2d Cir. 2003) (rejecting downward departure where defendant only supported one child and wife was capable of working); United States v. Madrigal, 331

F.3d 258, 260 (2d Cir. 2003) (rejecting downward departure where only one of defendant's six children was under 18 years-old and no finding that defendant was the only family member who could care for minor child).

In short, this Court is not precluded as a matter of law from considering a downward departure under the Guidelines should the Court find that Mr. Nawaz's family circumstances merit such a departure.

B.   Family Circumstances Under 18 U.S.C. § 3553(a)

The Court, respectfully, also erred in ruling that 18 U.S.C. § 3553(a) did not permit the Court to consider family circumstances in sentencing Mr. Nawaz.  S.H. 4/2/08 at 14.  Hence, in reviewing the history and characteristics of the defendant, the Court did not take into account Mr. Nawaz's family circumstances.  Id. at 13.  However, the Courts of this Circuit have recognized that it is within the discretion of the sentencing court to impose a Guidelines sentence with a family circumstances departure should the facts warrant such a departure or, alternatively, impose a non-Guidelines sentence based on the same or similar considerations.

As an initial matter, the very language of 18 U.S.C. § 3553(a)(1) suggests that a defendant's family ties and responsibilities are an entirely appropriate consideration.  Section 3553(a)(1) promulgates that the sentencing court shall consider "the history and characteristics of the defendant."  Whether a particular defendant is in a stable and committed marriage, provides financial and emotional support for his or her family, and whether the family has relied on that support are all directly relevant to the defendant's "history and characteristics."

Hence, in United States v. Jones, 460 F.3d 191 (2d Cir. 2006), the Court of Appeals considered the District Court's non-Guidlines sentence which was based, in part, on Jones's "'consistent work ethic,' Jones's support of his wife and son, [and] his assistance and support for other members of his family." Jones, 460 F.3d at 194. In upholding the District Court's decision to provide a non-Guidelines sentence of 15 months in lieu of a 30-37 months Guidelines sentence, the Court of Appeals rejected the government's contention that "family support" was "'ordinarily' not relevant "in determining whether a departure is warranted." Id. (citing Guidelines § 5H1.6 (family ties)). The Court of Appeals observed that "the Government fails to appreciate that Jones's post-Booker sentence is not a Guidelines departure; it is a non-Guidelines sentence. Id.; see also United States v. Selioutsky, 409 F.3d 114, 120 & n.7 (2d Cir. 2005) (Remanding case for further findings regarding family circumstances, but observing Court arguably could forgo review of Guidelines family circumstances departure on the theory that the District Court would have imposed a 30-month sentence as a non-Guidelines sentence).

In United States v. Kon, the sentencing court sentenced the defendant to one day time served and three years supervised release for her role in the distribution of Ecstasy, because the defendant was "the sole caretaker for her two-year-old daughter and ha[d] no immediate family in the United States on which she [could] rely for assistance." United States v. Kon, 04 cr 271, slip op. at 10 (RWS) (S.D.N.Y. 11/2/06) (U.S.D.J. Sweet) (Exhibit C, Sentencing Opinion). The Court found that "there are extraordinary family circumstances in this case sufficient to support either a downward departure pursuant to

U.S.S.G. §§ 5H1.6 and 5K2.0(a)(4) or, alternatively, a non-Guidelines sentence in consideration of 18 U.S.C. § 3553(a)." Id. at 12-13.

While there may be a shift in focus from the defendant's family to the defendant when comparing the analysis of extraordinary family circumstances under the Guidelines with the inquiry concerning "the history and characteristics of the defendant" under § 3553(a)(1), many of the same concerns apply to both. As noted, whether a particular defendant is in a stable and committed marriage, provides financial and emotional support for his or her family, and whether the family has relied on that support are all directly relevant to the defendant's "history and characteristics." See, e.g., Jones, supra; Kon, supra.

Thus, in the instant case, the Court was not precluded from taking into account Mr. Nawaz's family circumstances in considering a non-Guidelines sentence under § 3553(a). Relevant to the non-Guidelines inquiry of the defendant's "history and characteristics" would be the fact that Mr. Nawaz and Ms. Nawaz have been married for eight years, and are in a stable and committed relationship, the fact that Mr. Nawaz is the sole breadwinner for the immediate family – a family that includes five children between the ages of seven years-old and four-months-old, and the fact that Mr. Nawaz has had to provide additional care for his wife and children after she began experiencing health problems related to the birth of their fourth child.

It is true that this Court did provide Mr. Nawaz with a non-Guidelines sentence that fell below the 24-30 Guidelines range. In doing so, the Court stated, "I reduced your sentence in a way, Mr. Nawaz. I did it because of your wife's condition. That's why you have the 6 months home confinement." S.H. 4/2/08 at 18. The Court also observed, "I

didn't see that I could do more than that, because there's too much money to give you much more consideration than that for her condition." Id.

However, it was not only Ms. Nawaz's condition that was relevant here. Also relevant to the inquiry was Mr. Nawaz's status as the sole breadwinner of the family and the critical role he played in assisting his wife raise their five children. In addition, the fact that he was in a stable and committed marriage of eight years was also relevant to the inquiry. The Court did not consider these factors, neither for its Guidelines inquiry nor for its non-Guidelines inquiry. Thus, Mr. Nawaz requests reconsideration of his sentence in order to determine whether the Court erroneously believed that such considerations were not appropriate for either inquiry. If these factors were disregarded because the Court was under the impression that such factors were "something that the guidelines say one should not take into consideration" or that, under section 3553(a), the Court could not take such factors into consideration, then reconsideration of Mr. Nawaz's sentence is warranted.

In sum, this Court, respectfully, misstated the law in holding that the Guidelines promulgate that "one should not take into consideration" the extraordinary family circumstance presented in this case. The Court, respectfully, erred in holding that 18 U.S.C. § 3553(a) did not permit these extraordinary family circumstances to be considered here. Reconsideration of Mr. Nawaz's sentence is warranted because these errors precluded the Court from fully considering and crediting Mr. Nawaz's family circumstances as contemplated by both the Guidelines and § 3553(a).

## CONCLUSION

For the foregoing reasons, Mr. Nawaz's motion for reconsideration of sentencing, respectfully, should be granted.

Dated: New York, New York
April 17, 2008

                                              s/ Bruno C. Bier
Bruno C. Bier, Esq.
BB-1633
38 West 32nd Street, Suite 1603
New York, New York 10001
t: (212) 481-4900
f: (212) 481-9227
bruno_bier@yahoo.com